IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>SHANE CARL CLARK,<br><br>Defendant. | Case No.: 3:19-cr-00217-AN<br><br>OPINION AND ORDER |

      Defendant Shane Carl Clark, a self-represented adult in custody, moves to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Commission's (the "Sentencing Commission") November 2023 amendments to the United States Sentencing Guidelines ("U.S.S.G."). The government opposes the motion. For the reasons set forth herein, defendant's motion is DENIED.

## LEGAL STANDARD

      A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, this general rule is subject to several exceptions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One such exception, 18 U.S.C. § 3582(c)(2), provides in full:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

To determine whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2), courts undertake a two-step inquiry. *United States. v. Brito*, 868 F.3d 875, 879-80 (9th Cir. 2017) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). First, the court must determine whether the defendant is eligible for a sentence reduction under the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10. *Id.* at 880. Second, if the defendant is eligible for a sentence reduction, the "court must 'consider any applicable

1

§ 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

## BACKGROUND

On December 17, 2020, defendant pleaded guilty to one count of Possession with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). Plea Agreement, ECF [61], at 1; *see* Plea Pet. & Order Entering Plea, ECF [60], at 6. In his plea, defendant agreed that he qualified as a "career offender" pursuant to U.S.S.G. § 4B1.1. Plea Agreement 3. As such, defendant was placed in Criminal History Category VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."); *see also* Statement of Reasons, ECF [84], at 1. Defendant's applicable sentencing guideline range was 151 to 188 months of imprisonment. Statement of Reasons 1. On August 9, 2021, defendant was sentenced to seventy months' imprisonment on each count, to be served concurrently, followed by three years of supervised release. J. & Commitment, ECF [83], at 2-3. Two days later, defendant was granted release from custody to receive drug and alcohol treatment. Am. Order Setting Conditions of Release, ECF [86]; Gov't Resp. to Def. 1st Mot. to Reduce Sentence, ECF [99], at 3. Defendant's release was subject to several conditions, including that he abstain from committing any new offenses and that he report to U.S. Pretrial Services as directed. *See* Am. Order Setting Conditions of Release 1. Defendant violated these conditions, and his release was revoked accordingly on January 4, 2023. *See* Revocation of Release & Detention Order, ECF [93]; Pretrial Release Violation Arrest Warrant Returned, ECF [94]. Defendant is presently incarcerated at FCI Sheridan, with a projected release date of December 31, 2025. Gov't Resp. to Def. Mot. ("Gov't Resp."), ECF [104], at 2.

On September 21, 2023, defendant moved to reduce his sentence based on extraordinary and compelling circumstances. Def. 1st Mot. to Reduce Sentence, ECF [95]. This Court denied the motion. Op. & Order of December 22, 2023, ECF [100].

On August 1, 2025, defendant filed the present motion for sentence reduction, this time

pursuant to 18 U.S.C. § 3582(c)(2). Def. 2d Mot. to Reduce Sentence ("Def. Mot."), ECF [101]. The government responded in opposition on August 18, 2025. Gov't Resp.

## DISCUSSION

Defendant moves to reduce his sentence based on Part A of Amendment 821. Def. Mot. 2. The Sentencing Commission amended the U.S.S.G. via Amendment 821 on November 1, 2023. Sent'g Guidelines for U.S. Cts., 88 Fed. Reg. 28254-01, 28254 (May 3, 2023). Part A of Amendment 821 amends U.S.S.G. § 4A1.1 by decreasing the number of status points received by individuals who committed their offense while under a criminal justice sentence. 88 Fed. Reg. at 28270-28271 (also located at https://www.ussc.gov/guidelines/amendment/821). Prior to amendment, defendants who committed an offense while under probation, parole, supervised release, imprisonment, work release, or any other "criminal justice sentence" received two additional criminal history status points. 88 Fed. Reg. at 28270. Under Part A, defendants with six or fewer criminal history points now receive no additional status points, while those with seven or more criminal history points receive one additional status point. *Id.* Part A applies retroactively. *Id.* at 28270-28271; U.S.S.G. §§ 1B1.10(d), 4A1.1(e).

Defendant argues that if he had been sentenced under the amended U.S.S.G. § 4A1.1, he would have received fewer status points. Def. Mot. 2. Defendant appears to suggest that if he had received fewer status points, he might have been placed in a lower criminal history category and his applicable guideline range may have been lowered accordingly. Though it is true that Amendment 821 reduces defendant's number of criminal history points, defendant is nonetheless ineligible for a sentence reduction for two reasons.

First, even under the new calculation, defendant would still have been placed in Criminal History Category VI, and his guideline range thus would have remained the same. At the time of sentencing, defendant had a total of seventeen criminal history points. Gov't Resp. 6-7. This consisted of (1) fifteen criminal history points based on prior convictions and (2) two status points added because defendant committed the subject offenses while under a criminal justice sentence. *Id.* This placed defendant in Criminal History Category VI. *Id.* In contrast, had defendant been sentenced under the

3

amended U.S.S.G. § 4A1.1, he (1) would still have received fifteen criminal history points based on prior convictions, but (2) would have only received one additional status point for committing the subject offenses while under a criminal justice sentence. This would have lowered his total number of status points to sixteen. Even with this new calculation, however, defendant would still have been placed in Criminal History Category VI, and his guideline range thus would have remained the same. *Id.* at 7.

Second, defendant's sentencing was not based his criminal history points, but instead on his agreement to sentencing as a career offender under U.S.S.G. § 4A.1.1. Plea Agreement 1. Defendant was therefore automatically placed in Criminal History Category VI—irrespective of his criminal history point total. *See* U.S.S.G. § 4B1.1(b). Because application of Amendment 821 does not alter defendant's criminal history category or the applicable guideline range, defendant is not eligible for a sentence reduction under U.S.S.G. § 1B1.10(a)(1).

Because defendant is not eligible for a sentence reduction, the Court does not consider the factors set forth in Section 3553(a).

## CONCLUSION

For the reasons stated herein, defendant's Motion to Reduce Sentence, ECF [101], is DENIED.

IT IS SO ORDERED.

DATED this 28th day of January, 2026.

_____
Adrienne Nelson
United States District Judge

4